

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**FEE PAID**

| | |
|---|---|
| **Donald Wenger, Pro Se, and VeteranHope.org, on behalf of the United States of America, and other veterans under similar circumstances**<br><br>Plaintiffs,<br><br>and<br><br>**Judge James T. Warren, Richard R. Muir, and the State of California**<br><br>Defendants. | Case No. **ED CV 24 - 02211-PA (PD)**<br><br>**Class Action Suit by Complaint to Enforce Complete Federal Preemption Nationwide**<br><br>Jury Trial  **X** |

# INTRODUCTION: Class of Action

The national crisis of **Veteran Suicide** is being aggravated by predatory litigation and profiteering on veteran benefits in state courts which have NO possibility of Jurisdiction on the Subject Matters of Title 10, or Title 38, or the benefits provided by VA.

1

## State Law has NO Effect on Federal Preemption

The plain text of positive law 38 U.S.C. § 511 pursuant to Article I § 8 of the Constitution makes it clear that veteran benefits are Totally Exempt from state jurisdiction, no matter what any state law says or what any state court has ever said. Congress has "occupied the field" of Jurisdiction on the Subject Matter of Title 38, thereby established Complete Preemption.

Section 511 makes it clear that NOBODY outside the VA could possibly have jurisdiction to make ANY kind of ruling that interferes with benefits provided by the VA.

> 38 U.S. Code § 511
> "(a) **The Secretary shall decide all questions of law and fact** necessary to a decision by the Secretary under a law **that affects** the provision of benefits by the Secretary **to veterans or the dependents or survivors of veterans.** Subject to subsection (b), **the decision** of the Secretary as to any such question shall be final and conclusive and **may not be reviewed by any other official or by any court,** whether by an action in the nature of mandamus or otherwise. (emphasis added)

States have NO jurisdiction to interfere with benefits by assignment, seizure, garnishment, contempt or jail because they have NO jurisdiction on the Subject Matter of Title 38.

Judges openly defy federal preemption expressed in § 511 by taking quotes out of context from *Rose v. Rose,* 481 U.S. 619 (1987) to commit the act of predatory discrimination.

They know they have NO Jurisdiction to disobey § 511 because in 1988, Congress amended 38 U.S.C. § 211 to close the loopholes described in the ruling on § 211 in *Rose v. Rose.*

According to 1 U.S.C. § 204, the plain text of positive law is "Prima Facie Legal Evidence" of Congressional Intent to protect our veteran families from corruption and profiteering.

See the Exhibits listed below to verify the fact that Congress exercised the power to keep the FEDERAL Subject Matter of Title 38 out of the hands of state legislatures and courts.

On behalf of the United States of America and other veterans under similar circumstances, we are here to ask this Court to verify law and confirm the fact that state judges are BOUND by the Supreme Law of the Land, not free to abuse the Constitution or disobey the law.

## I. FEDERAL QUESTIONS

1) Whether state judges are BOUND by the Uniformed Services Former Spouses' Protection Act (USFSPA) Pub. Law 97-252 (1982) pursuant to Article I § 8 of the Constitution, thereby REQUIRED to OBEY the precise definition of "disposable retired pay" expressed in the plain text of Positive Law 10 U.S.C. § 1408(a)(4).

2) Whether state judges are BOUND by the Complete Federal Preemption expressed in the plain text of Positive Law 38 U.S.C. § 511 pursuant to Article I § 8 of the Constitution, thereby REQUIRED to OBEY the law that eliminates the Possibility of state jurisdiction on the Subject Matter of benefits provided by the VA.

3) Whether the Defendants Warren and Muir, are Personally Liable in their Individual Capacity for their violations of 10 U.S.C. § 1408 and 38 U.S.C. § 511 under the color of state law and in the complete absence of Jurisdiction on the Subject Matter of Positive Law Title 10 and Positive Law Title 38.

4) Whether the Defendant State is liable for the actions of Judge Warren because, to join the United States, the state has yielded sovereignty on the Article I § 8 power of Congress to provide for the national defense, and Congress has exercised this power to authorize private damages suits against nonconsenting states by the preemption of state jurisdiction.

## II.  PARTIES and CLASS

**Plaintiffs:**

Donald Wenger, ... Pro Se  and  VeteranHope.org
CWO4 (Ret) USMCR   c/o Director Robert Terrien
22080 Old Paint Way   PO Box 7213
Canyon Lake, CA. 92587   Tacoma, WA 98417
(951)531-7898   253-499-5805
donwenger@gmail.com   Bob@VeteranHope.org

**Class:**  Thousands of veteran families nationwide have been systematically destroyed by the violation of due process for the fun and profit of lawyers who bring frivolous litigation in state courts to fight over veteran benefits, knowing that it is patently against the law.

The VA does not consider suicide over divorce to be a service connected death, so the surviving dependents usually end up right back on the welfare system. In addition to the loss of life, it has cost our nation BILLIONS of dollars in damages.

The statutes we claim as Rights to be enforced by this Court are literally PROOF of the Clear and Unmistakable Intent of Congress to protect our whole country by protecting military and veteran families from corruption and profiteering on veteran benefits.

***The actions of a judge with NO Possibility of Jurisdiction on the Subject Matter are NOT "judicial acts," which means they are NOT protected by immunity.***

**Defendants:**

1) **Judge James T. Warren**    **#41170**                        ☒ **Individual Capacity**

    880 N. State Street, Hemet, CA 92543    951-777-3147

2) **Attorney Richard R. Muir**    **#137916**                   ☒ **Individual Capacity**

    820 N Mountain Ave, Upland, CA 91786    (909) 391-4413

3) **The State of California**    (916) 653-6814

    c/o Secretary of State,   1500 11th Street, Sacramento, CA 95814

## III.  FEDERAL JURISDICTION AND VENUE

Federal Question Jurisdiction under 28 U.S.C. § 1331 is established by presentation of questions based exclusively on the Constitution and Laws of the United States and by the **Complete Federal Preemption** expressed and implied by the plain text of Positive Law.

This Court is the proper Venue under 28 U.S. Code § 1391(b)(2) and (c) because the individual Defendants violated the rights of the Plaintiff within the territorial jurisdiction of this Court and all of the Parties reside within the Defendant State.

> "The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. **The rule makes the plaintiff the master of the claim;**" *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) (internal citation omitted - emphasis added)
>
> 'There does exist, however, an "independent corollary" to the well-pleaded complaint rule ... known as the "complete preemption" doctrine. ... Once an area of state law has been completely preempted, [it] ... arises under federal law.' Id at 393

Congress has eliminated the possibility of state jurisdiction on Title 10 and Title 38 by defining every aspect of jurisdiction on the subject matter, thereby "occupied the field."

Any state law written to circumvent the preemption of state jurisdiction expressed in federal statute, or implied by the nature of Positive Law Title pursuant to the Constitution, is immediately in conflict with federal preemption, thereby instantly NULL and VOID.

If Title 10 and/or Title 38 had contained provisions to cancel the preemption expressed and implied by law, then *and ONLY THEN* could Rooker-Feldman or Immunity be applied, but legal evidence of Congressional Intent has already eliminated that possibility.

State courts have NO jurisdiction to disobey federal preemption and this Court should remind the Defendants that they are REQUIRED to OBEY the Supreme Law of the Land.

## IV. STATEMENT OF THE CASE

**Plaintiff Donald Wenger**

This lawsuit is about enforcing the RIGHT to protection from being stripped of military retired pay and the RIGHT to protection from being stripped of benefits provided by the VA.

Beginning in 2015, Defendant Judge Warren committed multiple violations of my rights secured by 38 U.S.C. § 511 and § 5301 by attempting to distribute my VA benefits under the color of state law and in the complete absence of jurisdiction on the subject matter of Title 38.

He appointed Defendant Muir to generate a complicated smoke screen to hide the fraud they committed to circumvent federal preemption by violation of my rights secured by 10 U.S.C. § 1408 as well as 38 U.S.C. § 511 and § 5301. **That fraud makes Defendant Muir a "State Actor."**

EVERY single time Defendant Warren did something to extract money from my benefits by assignment or the threat of jail for contempt, he crossed the line of complete federal preemption.

**Plaintiff VeteranHope.org**

On behalf of the United States of America and other veterans under similar circumstances, this lawsuit is about enforcing the supreme positive laws that are intended to protect our military and veteran families by keeping the meddling hands of corrupt state actors OUT of the federal funds that are specifically set aside for the "common defense and general welfare" of the nation.

In 1982, the Uniformed Services Former Spouses' Protection Act (USFSPA) Pub. Law 97-252 (1982) forcefully separated VA disability compensation from Retired Pay by making it clear that VA compensation was intended for the veteran, not the former spouse.

In 1988, the Veterans Judicial Review Act (VJRA) Pub. Law 100-687 (1988) forcefully isolated VA decisions and benefits from outside interference by making it clear that NOBODY has jurisdiction to touch veteran benefits. ***They are Totally Exempt from Everything, NOT Just Taxes.***

## V.   INDISPUTABLE PROOF OF PREEMPTION

**The Defendants cannot hide behind the fantasy of "concurrent jurisdiction" because it Does Not Exist on the Subject Matters of Title 10 or Title 38.** See *Mansell v. Mansell,* 490 U.S. 581 (1989) in which the Court found that the USFSPA did NOT cancel the federal preemption of state jurisdiction found in *McCarty v. McCarty,* 453 U.S. 210 (1981).

They are confined to the strict definition of "disposable retired pay" which eliminates the possibility of semantic frauds like "indemnification clauses" or "settlement agreements." See *Howell v. Howell,* 581 U.S. ___ (2017) upholding *Mansell* (supra).

**The Defendants cannot hide behind *Rose v. Rose,* 481 U.S. 619 (1987)** because in 1988, the VJRA definitively closed the loopholes in the ruling on 38 U.S.C. § 211, thereby closed every other loophole created by *Rose*.

**Exhibit "A"** shows the precise language of 38 U.S.C. § 211 at the time of *Rose v. Rose*.
**Exhibit "B"** shows how the *Rose* decision is based primarily on the loopholes in § 211.
**Exhibit "C"** shows the amendment of § 211 which permanently closed those loopholes.
**Exhibit "D"** shows § 211 after the VJRA eliminating the possibility of state jurisdiction.

Federal preemption of state jurisdiction is clearly expressed in the plain text of positive law and implied by the nature of Title 10 and Title 38 pursuant to Article I § 8 of the Constitution, so there is NO room for doubt or question about the intent of Congress expressed in positive law.

Where there is NO possibility of Jurisdiction on the Subject matter, the Defendants have "NO Excuse" or Immunity because **an act "for want of jurisdiction" is NOT a "judicial act."** See *Bradley v. Fisher,* 80 U.S. 335 (1871), et al..

## VI.  RELIEF

1) Declaratory Judgment by affirmative answer to the Questions presented because the Defendants are automatically BOUND by 10 U.S.C. § 1408 and 38 U.S.C. § 511 pursuant to Article I § 8 of the Constitution, thereby REQUIRED to OBEY these statutes which are intended to protect the rights of disabled veterans and their dependents by federal preemption.

2) Jury Trial to decide on Punitive damages holding all the Defendants liable, jointly and severally, for their violation of federal Rights under the color of state law and in the complete absence of jurisdiction on the subject matters of Title 10 and Title 38.

## VII. CONCLUSION AND CERTIFICATION

This is a very simple matter to resolve by answering the questions presented above. We have stated a valid claim of federal rights violated by the Defendants and provided this Court with legal evidence of Congressional Intent to preempt state jurisdiction.

Thus, we have fulfilled the FRCP Rule 8 criteria for a suit under 42 U.S.C. § 1983, et al. See *Blessing v. Freestone,* 520 U.S. 329 (1997) . (a) We are intended beneficiaries of the positive laws we claim the right to enforce, (b) we have explained how the Defendants committed multiple acts of fraud to circumvent federal preemption by corruption and profiteering on veteran benefits with absolutely NO possibility of jurisdiction on Title 38, and (c) the explicit Federal Preemption of state jurisdiction is certainly BINDING on the Defendant State itself as well as Defendant Judges.

> "By ratifying the Constitution, the States agreed their sovereignty would yield to the national power to raise and support the Armed Forces. Congress may exercise this power to authorize private damages suits against nonconsenting States, as in USERRA."
> *Torres v. Texas Department of Public Safety,* 597 U.S. ___ (2022)

We have fully satisfied the criteria of the "well pleaded complaint" by proving that "Complete Preemption" is expressed in the plain text of positive law and implied by the nature of Title 10 and Title 38 pursuant to Article I § 8. The law itself PROVES Congressional Intent to protect military and veteran families from the cost of frivolous litigation over veteran benefits.

> First, "the purpose of Congress is the ultimate touchstone in every pre-emption case." *Wyeth v. Levine,* 555 U.S. 555 (2009) quoting from *Medtronic, Inc. v. Lohr,* 518 U. S. 470, 485 (1996) referring to *Retail Clerks v. Schermerhorn,* 375 U. S. 96, 103 (1963).

> "To discern Congress' intent we examine the explicit statutory language and the structure and purpose of the statute." *Gade v. National Solid Wastes Management Assn.,* 505 U.S. 88 (1992) quoting *Ingersoll-Rand Co. v. McClendon,* 498 U. S. 133, 138 (1990).

**CERTIFICATION**

I hereby certify this Complaint is accurate and true to the best of my knowledge, information, and belief, per Federal Rule of Civil Procedure 11;
(1) This Complaint is presented for clear and legitimate purpose, therefore is not to harass, cause unnecessary delay, or needlessly increase the cost of any litigation;
(2) This Complaint is well supported by existing law and reasonable argument based on that law, therefore is is not frivolous and it is not intended to extend, modify, or reverse any existing law;
(3) The factual contentions have evidentiary support and will very likely have more support after a reasonable opportunity for investigation and discovery; and
(4) The Complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted by:

*[signature]*

**Donald Wenger, Pro Se**
CWO4 (Ret) USMCR
22080 Old Paint Way
Canyon Lake, CA. 92587
(951)531-7898
donwenger@gmail.com

*[signature]*

VeteranHope.org
Robert Terrien, Director
PO Box 7213
Tacoma, WA 98417
253-499-5805
Contact@VeteranHope.org

# Exhibit A

## Legal Evidence of 38 U.S.C. § 211
## prior to the Veterans Judicial Review Act
## as read by the Supreme Court in Rose v. Rose.

**Laws of 1982
Title 38
Section 211
Before the VJRA

As read by the Supreme Court in Rose v. Rose 1987

Library of Congress 1982**

OFFICE OF INSPECTOR GENERAL

All the functions, powers, and duties of the Office of the Veterans' ... Office of ation, by ...t of 1978 ...e 5, Government 2 of ...neral.

JULY 3,

All functions vested in e Act of in effect ..

RDERS

All rules, privileges Veterans' effect on ich date) modified, y the Ad-

...aredness functions to the Administrator of Veterans' Affairs, see Parts 1, 29, and 30 of Ex. Ord. No. 11490, Oct. 28, 1969, 34 F.R. 17567, set out as a note under section 2251 of Title 50, Appendix, War and National Defense.

CROSS REFERENCES

Compensation of Administrator, see section 5313 of Title 5, Government Organization and Employees. Compensation of Deputy Administrator, see section 314 of Title 5.

§ 211. Decisions by Administrator; opinions of Attorney General

(a) On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

(b) The Administrator may require the opinion of the Attorney General on any question of law arising in the administration of the Veterans' Administration.

(Pub. L. 85-857, Sept. 2, 1958, 72 Stat. 1115; Pub. L. 89-214, § 1(b), Sept. 29, 1965, 79 Stat. 886; Pub. L. 89-358, § 4(h), Mar. 3, 1966, 80 Stat. 24; Pub. L. 91-376, § 8(a), Aug. 12, 1970, 84 Stat. 790.)

AMENDMENTS

1970—Subsec. (a). Pub. L. 91-376 substituted provisions that on or after Oct. 17, 1940, except as provided in sections 775, 784, and chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors be final and conclusive and no other official or any court of the United States

have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise, for provisions that, except as provided in the enumerated sections, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration be final and conclusive and no other official or any court of the United States have power or jurisdiction to review any such decision.

1966—Subsec. (a). Pub. L. 89-358 struck out references to sections 1661 and 1761.

1965—Subsec. (a). Pub. L. 89-214 inserted reference to section 775.

FEDERAL RULES OF CIVIL PROCEDURE

Writ of mandamus abolished in United States district courts, but relief available by appropriate action or motion, see rule 81, Title 28, Appendix, Judiciary and Judicial Procedure.

§ 212. Delegation of authority and assignment of duties

(a) The Administrator may assign duties, and delegate, or authorize successive redelegation of, authority to act and to render decisions, with respect to all laws administered by the Veterans' Administration, to such officers and employees as he may find necessary. Within the limitations of such delegations, redelegations, or assignments, all official acts and decisions of such officers and employees shall have the same force and effect as though performed or rendered by the Administrator.

(b) There shall be included on the technical and administrative staff of the Administrator such staff officers, experts, inspectors, and assistants (including legal assistants), as the Administrator may prescribe.

(Pub. L. 85-857, Sept. 2, 1958, 72 Stat. 1115; Pub. L. 89-361, § 2, Mar. 7, 1966, 80 Stat. 30.)

AMENDMENTS

1966—Subsec. (a). Pub. L. 89-361 empowered the Administrator, as he may find necessary, to authorize the successive redelegation to officers and employees of any authority delegated by the Administrator to act and render decisions with respect to laws administered by the Veterans' Administration, and provided that acts and decisions performed within the limitations of such redelegations shall have force and effect as though performed or rendered by the Administrator.

§ 213. Contracts and personal services

The Administrator may, for purposes of all laws administered by the Veterans' Administration, accept uncompensated services, and enter into contracts or agreements with private or public agencies or persons (including contracts for services of translators without regard to any other law), for such necessary services (including personal services) as he may deem practicable. The Administrator may also enter into contracts or agreements with private concerns or public agencies for the hiring of passenger motor vehicles or aircraft for official travel whenever, in his judgment, such arrangements are in the interest of efficiency or economy.

(Pub. L. 85-857, Sept. 2, 1958, 72 Stat. 1115; Pub. L. 89-785, title III, § 302, Nov. 7, 1966, 80 Stat. 1376; Pub. L. 91-24, § 2(c), June 11, 1969, 83 Stat. 33.)

# Exhibit B

# Summary of Rose v. Rose showing the holding and the ruling on 38 U.S.C. § 211

## ROSE v. ROSE ET AL.

### APPEAL FROM THE COURT OF APPEALS OF TENNESSEE

No. 85-1206. Argued March 4, 1987—Decided May 18, 1987

Appellant, a totally disabled veteran whose main source of income is federal veterans' benefits, was held in contempt by the state trial court for failure to pay child support, the amount of which had been fixed by the court after considering appellant's benefits to be income under a Tennessee statute. The State Court of Appeals affirmed, rejecting appellant's contention that the Veterans' Administration (VA) has exclusive jurisdiction to specify payments of child support from the disability benefits it provides. The court determined that Congress intended disability benefits to support the beneficiary *and his dependents*, and held that the trial court's order directing appellant to pay a portion of those benefits as child support or be held in contempt did not undermine a substantial federal interest.

*Held:* A state court has jurisdiction to hold a disabled veteran in contempt for failing to pay child support, even if the veteran's only means of satisfying this obligation is to utilize veterans' benefits received as compensation for a service-connected disability. The Tennessee statute, as construed by the state courts to authorize an award of disability benefits as child support, is not pre-empted under the Supremacy Clause of Article VI since it does not conflict with federal law. Pp. 625-636.

(a) Title 38 U. S. C. § 3107(a)(2), which gives the VA discretionary authority to apportion disability compensation on behalf of a veteran's children, is not an exclusive grant of authority to the VA to order that child support be paid from disability benefits, and does not indicate that exercise of the VA's discretion could yield independent child support determinations in conflict with existing state-court orders. Moreover, the implementing regulations, which simply authorize apportionment if "the veteran is not reasonably discharging his or her [child support] responsibility . . . ," contain few guidelines for apportionment and no specific procedures for bringing claims. Furthermore, to construe § 3107(a)(2) as pre-emptive could open for reconsideration a vast number of existing divorce decrees affecting disabled veterans and lead in future cases to piecemeal litigation before the state courts and the VA. Given the traditional authority of state courts over child support, their unparalleled familiarity with local economic factors affecting the issue, and their experience in applying state statutes that contain detailed support guidelines and procedures, it seems certain that Congress would have been

more explicit had it meant the VA's apportionment power to displace state-court authority. Pp. 626–628.

(b) Title 38 U. S. C. § 211(a), which provides that VA decisions on benefits for veterans and their dependents are final, conclusive, and not subject to review by any other federal official or federal court, does not vest exclusive jurisdiction in the VA nor pre-empt state-court jurisdiction to enforce a veteran's child support obligation. Section 211(a) makes no reference to *state*-court jurisdiction. Moreover, its purpose of achieving uniformity in the administration of veterans' benefits is not threatened by state child support contempt proceedings, which do not review the disability eligibility decisions that are the primary focus of the section. Furthermore, since the VA is not a party in a contempt proceeding, it is not subjected to an additional litigation burden, the prevention of which is also a purpose of § 211(a). Pp. 628–630.

(c) State-court jurisdiction is not pre-empted by 38 U. S. C. § 3101(a), which provides that veterans' benefits payments made to, or on account of, a beneficiary, shall not be liable to attachment, levy, or seizure. Neither of § 3101(a)'s purposes—to avoid the VA's being placed in the position of a collection agency and to prevent the deprivation and depletion of veterans' means of subsistence—is constrained by allowing the state courts to hold appellant in contempt. The VA is not obliged to participate in the state proceedings or pay benefits directly to appellee. Moreover, the legislative history establishes that disability benefits are intended to provide compensation for disabled veterans *and their families*. *Wissner* v. *Wissner*, 338 U. S. 655, *Hisquierdo* v. *Hisquierdo*, 439 U. S. 572, and *Ridgway* v. *Ridgway*, 454 U. S. 46, distinguished. Pp. 630–634.

(d) Provisions of the Child Support Enforcement Act, which provide that moneys payable by the Government to any individual are subject to child support enforcement proceedings (42 U. S. C. § 659(a)), but which specifically exclude VA disability benefits, do not establish a congressional intent to exempt such benefits from legal process. Section 659(a) was intended to create a limited waiver of sovereign immunity so that state courts could issue valid orders directed against Government agencies attaching funds in their possession. Thus, although veterans' disability benefits may be exempt from attachment while in the VA's hands, once they are delivered to the veteran a state court can require that they be used to satisfy a child support order. Pp. 634–635.

Affirmed.

MARSHALL, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and BRENNAN, BLACKMUN, and POWELL, JJ., joined, and in Parts I, II–A, II–B, II–D, and III of which STEVENS and O'CONNOR, JJ., joined. O'CONNOR, J., filed an opinion concurring in part and concurring in the

# Exhibit C

## Legal Evidence of the Veterans Judicial Review Act amendment of 38 U.S.C. § 211

PUBLIC LAW 100-687—NOV. 18, 1988          102 STAT. 4105

Public Law 100-687
100th Congress

## An Act

To amend title 38, United States Code, to establish certain procedures for the adjudication of claims for benefits under laws administered by the Veterans' Administration; to apply the provisions of section 553 of title 5, United States Code, to rulemaking procedures of the Veterans' Administration; to establish a Court of Veterans' Appeals and to provide for judicial review of certain final decisions of the Board of Veterans' Appeals; to provide for the payment of reasonable fees to attorneys for rendering legal representation to individuals claiming benefits under laws administered by the Veterans' Administration; to increase the rates of compensation payable to veterans with service-connected disabilities; and to make various improvements in veterans' health, rehabilitation, and memorial affairs programs; and for other purposes.

Nov. 18, 1988
[S. 11]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

### DIVISION A—VETERANS' JUDICIAL REVIEW

Veterans' Judicial Review Act.

**SECTION 1. SHORT TITLE: REFERENCES TO TITLE 38, UNITED STATES CODE.**

(a) SHORT TITLE.—This division may be cited as the "Veterans' Judicial Review Act".

38 USC 101 note.

(b) REFERENCES.—Except as otherwise expressly provided, whenever in this Act an amendment or repeal is expressed in terms of an amendment to, or repeal of, a section or other provision, the reference shall be considered to be made to a section or other provision of title 38, United States Code.

## TITLE I—ADJUDICATIVE AND RULEMAKING AUTHORITY OF THE VETERANS' ADMINISTRATION

**SEC. 101. DECISIONS BY ADMINISTRATOR.**

(a) MATTERS TO BE DECIDED BY ADMINISTRATOR.—Subsection (a) of section 211 is amended to read as follows:

"(a)(1) The Administrator shall decide all questions of law and fact necessary to a decision by the Administrator under a law that affects the provision of benefits by the Administrator to veterans or the dependents or survivors of veterans. Subject to paragraph (2) of this subsection, the decision of the Administrator as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

"(2) The second sentence of paragraph (1) of this subsection does not apply to—

"(A) matters subject to section 223 of this title;
"(B) matters covered by sections 775 and 784 of this title;
"(C) matters arising under chapter 37 of this title; and

# Exhibit D

## Legal Evidence of 38 U.S.C. § 211 after the Veterans Judicial Review Act

This statute controlled jurisdiction on Title 38 from 1989 to September 1, 1991 when § 511 became effective

**Laws of 1988
Title 38
Section 211
After the VJRA

Library of Congress**

tion's obligations to those who serve will always be honored:

　　　　　　　　　　　　　　　　　he principal
　　　　　　　　　　　　　　　　　benefits and
　　　　　　　　　　　　　　　　　a potential
　　　　　　　　　　　　　　　　　illion veter-
　　　　　　　　　　　　　　　　　endents;
　　　　　　　　　　　　　　　　　d distribute
　　　　　　　　　　　　　　　　　e payments
　　　　　　　　　　　　　　　　　g, and reha-
　　　　　　　　　　　　　　　　　fiscal year
　　　　　　　　　　　　　　　　　ment's two
　　　　　　　　　　　　　　　　　h over four
　　　　　　　　　　　　　　　　　inisters the
　　　　　　　　　　　　　　　　　Nation, and
　　　　　　　　　　　　　　　　　vides burial
　　　　　　　　　　　　　　　　　eterans an-

　　　　　　　　　　　　　　　　　perates the
　　　　　　　　　　　　　　　　　re system—
　　　　　　　　　　　　　　　　　2 hospitals,
　　　　　　　　　　　　　　　　　home care

　　　　　　　　　　　　　　　　　health-care
　　　　　　　　　　　　　　　　　the medical
　　　　　　　　　　　　　　　　　e in time of
war or national emergency involving the use of the Armed Forces in armed conflict;

"(8) in terms of share of the annual Federal budget, the Veterans' Administration ranks sixth among Federal departments and agencies, and among Federal departments and agencies only the Department of Defense employs more personnel

"(9) the Administrator of Veterans' Affairs is the principal executive branch official responsible for the administration of the benefits, services, and programs of the Veterans' Administration and for seeking the coordination of veterans' programs administered by other Federal departments and agencies;

"(10) there is a need for greater coordination between the Veterans' Administration and other Federal entities administering veterans programs and between the Veterans' Administration and other Federal entities providing similar benefits to individuals on a basis other than their status as veterans;

"(11) by virtue of the Administrator of Veterans' Affairs not being included in the President's Cabinet, the Administrator generally is not included in Cabinet meetings and deliberations and generally does not have the ready access to the President and senior advisers on the President's staff that Cabinet members have; and

"(12) as a consequence, Presidential decisions affecting veterans and the Veterans' Administration are made from time to time without an understanding of their full impact on veterans and on the Veterans' Administration's performance of its statutory missions.

"SENSE OF THE CONGRESS

"SEC. 502. In view of the findings in section 501, it is the sense of the Congress that the Administrator of Veterans' Affairs should be designated by the President as a member of, and a full participant in all activities of, the Cabinet and as the President's principal adviser on all matters relating to veterans and their dependents."

CONTINUATION OF AUTHORITY UNDER ACT OF JULY 3, 1930

Section 4 of Pub. L. 85-857 provided that: "All functions, powers, and duties conferred upon and vested in the President and the Administrator by the Act of July 3, 1930 (46 Stat. 1016) and which were in effect on December 31, 1957, are continued in effect."

OUTSTANDING RULES, REGULATIONS, AND ORDERS

Section 7 of Pub. L. 85-857 provided that: "All rules, regulations, orders, permits, and other privileges issued or granted by the Administrator of Veterans' Affairs before December 31, 1958, and in effect on such date (or scheduled to take effect after such date) shall remain in full force and effect until modified, suspended, overruled, or otherwise changed by the Administrator."

EMERGENCY PREPAREDNESS FUNCTIONS

For assignment of certain emergency preparedness functions to the Secretary of Veterans Affairs, see Parts 1, 2, and 27 of Ex. Ord. No. 12656, Nov. 18, 1988, 53 F.R. 47491, set out as a note under section 2251 of Title 50, Appendix, War and National Defense.

CROSS REFERENCES

Compensation of Secretary of Veterans Affairs, see section 5312 of Title 5, Government Organization and Employees.

Compensation of Deputy Secretary of Veterans Affairs, see section 5313 of Title 5.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in section 621 of this title.

§ 211. Decisions by Administrator; opinions of Attorney General

(a)(1) The Administrator shall decide all questions of law and fact necessary to a decision by the Administrator under a law that affects the provision of benefits by the Administrator to veterans or the dependents or survivors of veterans. Subject to paragraph (2) of this subsection, the decision of the Administrator as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

(2) The second sentence of paragraph (1) of this subsection does not apply to—

(A) matters subject to section 223 [1] of this title;

(B) matters covered by sections 775 and 784 of this title;

(C) matters arising under chapter 37 of this title; and

(D) matters covered by chapter 72 of this title.

(b) The Administrator may require the opinion of the Attorney General on any question of law arising in the administration of the Veterans' Administration.

(Pub. L. 85-857, Sept. 2, 1958, 72 Stat. 1115; Pub. L. 89-214, § 1(b), Sept. 29, 1965, 79 Stat. 886; Pub. L. 89-358, § 4(h), Mar. 3, 1966, 80 Stat. 24; Pub. L. 91-376, § 8(a), Aug. 12, 1970, 84 Stat. 790; Pub. L. 100-687, div. A, title I, § 101(a), Nov. 18, 1988, 102 Stat. 4105.)

REFERENCES IN TEXT

Section 223 of this title, referred to in subsec. (a)(2)(A), probably refers to the section 223 "Rulemaking: procedures and judicial review" of this title which was enacted by section 102(a) of Pub. L. 100-687.

AMENDMENTS

1988—Subsec. (a). Pub. L. 100-687 amended subsec. (a) generally. Prior to amendment, subsec. (a) read as follows: "On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising

---

[1] See References in Text note below.