UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 24-2211 PA (PDx) | Date | October 24, 2024 |
|---|---|---|---|
| Title | Donald Wenger, et al. v. James Warren, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – ORDER TO SHOW CAUSE

The Complaint in this action identifies the plaintiffs as "Donald Wenger, pro se, and VeteranHope.org, on behalf of the United States of America and other veterans under similar circumstances."  The Complaint is signed by Donald Wenger ("Wenger") and Robert Terrien on behalf of VeteranHope.org.

Although the Central District's Local Rules allow individuals to represent themselves, and themselves only, the Local Rules generally prohibit individuals from acting as counsel for others.  Specifically, the Local Rules state:

> **L.R. 83-2.2.1 Individuals.**  Any person representing himself or herself in a case without an attorney must appear pro se for such purpose.  That representation may not be delegated to any other person — even a spouse, relative, or co-party in the case.  A non-attorney guardian for a minor or incompetent person must be represented by counsel.
>
> **L.R. 83-2.2.2 Organizations.**  Only individuals may represent themselves pro se.  No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court . . . .

Local Rule 83-2.2.  Because the Complaint identifies the plaintiffs as Wenger and VeteranHope.org ("Plaintiffs") on behalf of themselves, a class of similarly situated individuals, and the United States, but Wenger is not an attorney, and can therefore not represent VeteranHope.org, the class, or the United States, the filing of this action pro se appears to be in violation of Local Rule 83-2.2 and the prosecution of this action may not proceed without an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 24-2211 PA (PDx) | Date | October 24, 2024 |
|---|---|---|---|
| Title | Donald Wenger, et al. v. James Warren, et al. | | |

attorney.  See Flymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.  This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.") (internal quotations and citations omitted); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well-established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").

Because a non-lawyer cannot represent an entity, a class, or the United States, the Court orders Plaintiffs to show cause in writing, no later than November 12, 2014, why the claims of VeteranHope.org and Plaintiffs' efforts to assert claims on behalf of a class and the United States should not be dismissed without prejudice.  A substitution of attorney appointing new counsel for Plaintiffs shall be deemed an adequate response.  Failure to adequately respond to this Order to Show Cause by November 12, 2024, may, without further warning, result in the dismissal of the claims asserted on behalf of VeteranHope.org, the class, and the United States without prejudice.

Additionally, according to the Complaint, "[b]eginning in 2015," defendant James Warren, a Judge of the Superior Court, "committed multiple violations of my rights . . . by attempting to distribute my VA benefits under the color of state law and in the complete absence of jurisdiction on the subject matter of Title 38."  Wenger therefore appears to be by challenging Judge Warren's orders in Wenger's dissolution proceeding.  The Rooker-Feldman doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004); see Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858 (9th Cir. 2008).  "The clearest case for dismissal based on the Rooker-Feldman doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'"  Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)).  However, the doctrine also applies where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules."  Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).

In similar circumstances, federal courts have concluded that such challenges brought under the Uniformed Services Former Spouses' Protections Act ("FSPA"), 10 U.S.C. § 1408, one of the statutes relied upon by Wenger, are foreclosed by Rooker-Feldman.  See Casale v. Tollman, 558 F.3d 1258, 1261 (11th Cir. 2009) ("The state court clearly had jurisdiction over

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 24-2211 PA (PDx) | Date | October 24, 2024 |
|---|---|---|---|
| Title | Donald Wenger, et al. v. James Warren, et al. | | |

Casale and Tillman's divorce, including the power to create remedies to enforce the decree. If Casale believed the state court's result was based on a legal error, the proper response was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal."); see also Howell v. Howell, 581 U.S. 214, 218, 137 S. Ct. 1400, 1404, 197 L. Ed. 2d 781 (2017) (explaining that the FSPA and § 1408 "provided a 'precise and limited' grant of the power to divide federal military retirement pay" to state courts but "excluded from its grant of authority the disability-related waived portion of military retirement pay" and that, as a result, "in respect to the waived portion or retirement pay . . . federal pre-emption . . . still applies.") (quoting Mansell v. Mansell, 490 U.S. 581, 588-89, 109 S. Ct. 2023, 2028-29, 104 L. Ed. 2d 675 (1989)).

     The Court therefore additionally orders Plaintiffs to show cause in writing why this action should not be dismissed because it is a de facto appeal barred by Rooker-Feldman over which the Court lacks subject matter jurisdiction. Plaintiffs response to this Order to Show Cause shall be filed by no later than November 12, 2024. Failure to timely or adequately respond to the Order to Show Cause may, without further warning, result in the dismissal of this action without prejudice.

     IT IS SO ORDERED.